**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Bank of Hope, | No. 18-cv-5058 |
| Plaintiff, | Assigned Judge: Charles P. Kocoras |
| v. | |
| Kyung Eun Hwang a/k/a Kyung E. Hwang, James Hwang Jr. a/k/a Jim Hwang, James R. Hwang a/k/a James Hwang, Chicago Car Collection, Inc f/k/a Luxury Automotive Wholesalers, Inc. | Property: 5455 North Sheridan, Unit 2605, Chicago, IL 60640 |
| Defendant(s). | |

## <u>JUDGMENT OF FORECLOSURE AND SALE</u>

This cause having been heard before this Court on Plaintiff's Motion for Summary Judgment and for entry of an Order for Judgment of Foreclosure and Sale, the Court having considered the pleadings, the evidence presented and the arguments of counsel and being fully advised on the premises and finds as follows:

1.    Plaintiff's Motion for Summary Judgment is granted.

2.    **Jurisdiction:** This Court has jurisdiction of the parties and the subject matter of this action.

3.    **Property:** The Mortgage described in the Complaint, executed by Kyung E. Hwang and James Hwang Jr. and hereby foreclosed appears of record in the Office of the Cook County Recorder as Document Number 0427844038 and was recorded on October 4, 2004.

4.    The Property is described as follows:

UNIT NUMBER 2605 IN THE 5455 EDGEWATER PLAZA CONDOMINIUM, AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:
PART OF THE SOUTH 242 FEET OF THE NORTH 875 FEET OF THE EAST FRACTIONAL 1/2 OF THE NORTHEAST 1/4 OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS. WHICH SURVEY IS ATTACHED AS EXHIBIT 'A' TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT 24870735, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS.

Commonly known as: 5455 N. Sheridan, Unit 2605, Chicago, IL 60640

PIN: 14-08-203-016-1287

5. **Judgment of Foreclosure and Sale is entered in favor of Plaintiff.**

6. **Material Allegations**: All material allegations of the Complaint are true and proven, and the allegations are supported by the evidence presented. By virtue of the Note and Mortgage there is due to the Plaintiff, as of <u>December 10, 2018</u> the following amounts:

| | |
|---|---|
| Principal Due: | $190,234.96 |
| Interest Due as of December 10, 2018: | $12,508.67 |
| Unpaid Late Charges: | $4,762.40 |
| Appraisal Fee | $950.00 |
| Site Visit Fee | $310.00 |
| **Sub-total:** | **$208,766.03** |
| The total court costs to date: | $2,697.40 |
| Attorney's fees: | $11,027.50 |
| **Total:** | **$222,490.93** |

7. **Costs and Fees:** Under the provisions of the Mortgage herein sought to be foreclosed, the costs of the foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, the Court having reviewed said costs and finding that they are the usual, customary and reasonable expenses incurred in like causes, the Court orders that such expenses are hereby allowed to the Plaintiff.

8. Advances made in order to protect the lien of the judgment and preserve the real estate, such as but not limited to property inspections, real estate taxes or assessments, property maintenance and insurance premiums, incurred by the Plaintiff after the date this judgment is entered and prior to the foreclosure sale shall become an additional indebtedness secured by the judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/l5-1505 and 15-1603.

9. **Mortgagor's Rights:** Mortgagor was served with summons on September 17, 2018.
    a. The mortgaged real estate is residential real estate as defined by 735 ILCS 5/15-1219.
    b. Right of reinstatement expired February 9, 2019.
    c. Right of Redemption expires July 29, 2019.

10. The mortgages constitute a valid lien upon the real estate which is prior, paramount and superior to the rights and interests of all other parties and non-record claimants in and to the property. Upon entry herein, the rights of the Plaintiff shall be secured by a lien upon the mortgaged real estate, which lien shall have the same priority as the Mortgage to which the

judgment relates. The rights and interests of all other parties and non-record claimants are subject, subordinate and inferior to the rights of the Plaintiff herein.

11. **Notice:** The attorneys for the Plaintiff shall give public notice of the time, place and terms of sale. The notice of sale shall be published at least three (3) consecutive calendar weeks (Sunday through Saturday), once each week, the first such notice to be published not more than forty five (45) days prior to the sale, the last such notice to be published not less than seven (7) days prior to the sale by:

    a.    advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and

    b.    separate advertisements in the section of such newspaper, which may NOT be the same newspaper used for section (A), in which the real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and

    c.    such other publications as may be further ordered by the court.

12. Said public notice shall include the information required pursuant to 735 ILCS 5/15-1507 (c)(1), but an immaterial error in the information shall not invalidate the legal effect of the public notice.

13. Notice of sale shall also be given by the attorneys for Plaintiff to all parties in the action who have appeared and not have heretofore been found by the Court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than forty five (45) days nor less than seven (7) days prior to the date of sale. After notice is given as required in this section, a copy thereof shall be filed in the office of the clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

14. The notice of sale may be given prior to the expiration of the redemption period previously determined.

15. The Judicial Sales Corporation may adjourn or continue the sale subject to the notice and advertisement requirements of 735 ILCS 5/15 1507(c)(4).

16. **Sale:** The premises herein legally described shall be sold by the Judicial Sales Corporation at the place designated by the Judicial Sales Corporation.

17. The Judicial Sales Corporation shall offer for sale the real estate described herein, with all improvements, fixtures and appurtenances thereto; or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest. The real estate shall be sold at public auction to the highest bidder for cash requiring payment not less than twenty-five (25%) percent at the time of sale and the balance within twenty four (24) hours plus interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment. All payments of the amount bid shall be in cash or certified funds payable to the sheriff. In the event the bidder fails to comply with the

terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the sheriff and on the bidder, the funds submitted shall be forfeited to the Plaintiff or the Plaintiff has the option to have the property sold to the next highest bidder. In the event there is a third party bidder other than the Plaintiff, the sheriff shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the officer conducting the sale shall be deemed to be sufficient notification by the Plaintiff to exercise its option to forfeit the funds. The subject property is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff.

18.     The Plaintiff or any of the parties to this cause may become the purchasers at such sale. If Plaintiff is the successful bidder at said sale, the amount due the Plaintiff, plus all costs, advances and fees together with interest incurred between entry of judgment and confirmation of sale shall be taken as a credit on its bid.

19.     At the sale of the mortgaged real estate, the Judicial Sales Corporation shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. An additional receipt shall be given at the time of the subsequent payment. Upon the sale of the mortgaged real estate, the Judicial Sales Corporation may give and record a certificate of sale in accordance with 735 ILCS 5/12 119 and 12-121. The certificate of sale shall be freely assignable.

20.     **Proceeds:** Out of the proceeds of said sale, the Judicial Sales Corporation shall make distribution in the following order of priority:

   a.     The Judicial Sales Corporation shall be paid its reasonable sale expenses;
   b.     To the Plaintiff or its attorney, the amounts set forth in paragraph 5 of this Judgment plus any additional costs of sale with statutory interest from the date hereof.
   c.     To the Plaintiff or its attorney, the reasonable expenses of securing possession before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, receiver's and management fees and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to 735 ILCS 5/15 1505 and other legal expenses incurred by the mortgagee;
   d.     If after payment of the above items there shall be a remainder, the Judicial Sales Corporation shall hold this surplus subject to the further order of this Court; If the remainder of the proceeds shall not be sufficient to pay the above described amounts and interest, the Judicial Sales Corporation shall then specify the amount of the deficiency in its report of sale. *Kyung Eun Hwang a/k/a Kyung E. Hwang, James Hwang Jr. a/k/a Jim Hwang, James R. Hwang a/k/a James Hwang, Chicago Car Collection, Inc f/k/a Luxury Automotive Wholesalers, Inc shall be personally liable for any deficiency.*

   In the case of a surplus (a) the selling officer shall immediately turn over surplus funds to the Clerk of the Court; and (b) counsel for movant shall notify the mortgagor, by letter, of the surplus, specifying that the funds may be obtained by petition and notifying the mortgagor(s) as to the procedures for doing so. Counsel

for the movant must include the official court surplus request form with the notifications.

21. **Post-sale and Confirmation:** The Judicial Sales Corporation shall promptly make a report of sale to the Court. Upon motion and notice in accordance with Court rules applicable to motions generally, the Court shall then enter an order confirming the sale, which confirmation order may also: (a) approve the mortgagee's fees, costs and additional advances arising between the entry of the judgment of foreclosure and the confirmation hearing; (b) determine the priority of the judgments of parties who deferred proving the priority pursuant to 735 ILCS 5/15 1506(h), but the Court shall not defer confirming the sale pending the determination of such priority;

22. Upon confirmation of the sale and payment of the purchase price and any other amount required to be paid by purchaser at sale, the Judicial Sales Corporation shall execute and deliver to the holder of the certificate of sale, or if no certificate has been issued, then to the holder of the receipt of sale or the assignee thereof, a deed sufficient to convey title. Said conveyance shall be an entire bar to all claims to the parties to the foreclosure and all persons claiming thereunder.

23. Thereupon, the grantee in such deed, or its legal representative or assigns shall be let into possession of the premises. That the parties hereto who shall be in possession of said premises, or any part thereof, including leaseholders or any person who may have come into such possession under them or any of them, since the inception of the mortgage or commencement of this suit, shall upon presentment of said deed, surrender possession of said premises to said grantee, its representative or assigns, and in default of so doing, an order of possession shall issue.

24. **Redemption by the United States of America:** If the United States is a party to this action pursuant to a lien on the subject property, the United States shall have one year from the date of sale within which to redeem. However, with respect to a lien arising under the Internal Revenue Code, the United States shall have 120 days from the date of sale within which to redeem.

25. **A copy of this Judgment shall be mailed to all defendants within 7 days from the entry of the judgment**.

ENTERED:

Date:
7/8/2019

Judge

5